Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| | Case No: 2:20-CV-01566-DJH |
| Peter Strojnik,<br><br>                              Plaintiff,<br>             vs.<br><br>Paradeep K. Patel and Asha P. Patel dba Knights Inn Payson; Red Lion Hotels Corporation; Knights Franchising Systems, Inc.<br><br>                              Defendant. | **FIRST AMENDED COMPLAINT** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), and (2) Negligence and (3) Arizona Consumer Fraud Act.

## PARTIES

2. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

3.  Defendants Paradeep K. Patel and Asha P. Pate ("Patel") owns, operates leases or leases to a lodging business located at 101 W. Phoenix Street, Payson, AZ 85541 ("Hotel").

4.  Defendant Red Lion Hotels Corporation and Knights Inn Franchising Systems, Inc. (cumulatively referred to as "RLH") are franchising entities who own, directly or indirectly, the rights to a brand name "Knights Inn".

///

3.   ///

## JURISDICTION AND VENUE

4.  Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

5.  Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

6.  This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

7.  The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

8.  These barriers impair Plaintiff's full and equal access to the Hotel.

9.  Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

10. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

~~imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.~~

5.  District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

6.  Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

7.  This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

8.  Venue is proper pursuant to 28 U.S.C. § 1391.

### STANDING JURISDICTION

9.  Plaintiff visits the Payson area on regular occasions either as a final destination or as an interim destination to Show Low, Heber, and then to Gallup, Albuquerque, Santa Fe, Taos or Durango.

10. Because of the distance between Plaintiff's residence in Phoenix and Defendant's hotel in Payson, approximately 89 miles, the Hotel is close enough to Plaintiff for visits there yet far enough to lodge there.

11. Plaintiff enjoys staying at a Knights Inn hotel because it is within his budget.

12. Plaintiff has patronized Knights Inn brand hotels numerous times in the past because he is a familiar brand name and because its prices are reasonable.

13. Prior to the onset of his impairments, Plaintiff visited and lodged in Payson at least twice per year since 1975. To the best of is memory, Plaintiff lodged at Kohls' Ranch on March 15, 1975, for his honeymoon.

14. Plaintiff also recalls staying at the hotel location on prior occasions, although he does not remember whether the hotel was conducting business under the Knights Inn brand name or under current ownership.

15. Since the onset of his impairments, Plaintiff travelled to Payson on to Albuquerque, and Santa Fe on or about May 23-25, 2020. Plaintiff intended Defendant's hotel to be his interim lodging location, but because of inaccessible accommodations at the hotel

and in Payson generally, he had to travel to Albuquerque where he stayed at Hotel Parq and then on to Santa Fe where he lodged at Hotel Santa Fe.

16. On the way back from Santa Fe, Plaintiff travelled through Payson yet again but did not lodge there because Defendant's hotel and generally the hotels in Payson are not accessibility suited for his needs.

17. Plaintiff would have lodged at Knights Inn if it were accessible.

18. Plaintiff has the specific intent to lodge at Defendant's hotel when the hotel has become ADA accessible for reasons stated above.

19. Plaintiff has specific intent to return to Defendant's hotel to further test if for ADA compliance.

20. Plaintiff does not currently make a reservation at Defendant's hotel because the hotel remains ADA non-compliant.

## COUNT ONE
Americans with Disabilities Act

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

11. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

12. Plaintiff's physical infirmities alleged above do both of the following:

a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the

wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

13. Plaintiff has a history of impairments stated in the preceding paragraph.

14. Plaintiff is regarded as having a physical conditions that limit major life activities.

15. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the 2010 Standards for Accessibility Design, Title 24 of the California Code of Regulations as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



16. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

17. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) |

| | | | | | (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| Renal Cancer | ✱ | ✱ | ✱ | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | ✱ | ✱ | ✱ | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | ✱ | ✱ | ✱ | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | ✱ | ✱ | ✱ | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | ✱ | ✱ | ✱ | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically | (c)(1)(i) (d)(1)(iv) (d)1)1)(v) (d)(1)(vi) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| | | | | ~~functioning on any level.~~ | |
|---|---|---|---|---|---|
| | | | | **~~Table 1~~** | |

18. ~~Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.~~

19. ~~In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.~~

20. ~~Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.~~

21. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, with equivalent left sided impairment, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure and two severed digits on the left hand, reattached.

22. Plaintiff's physical impairments limit, as defined, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

23. Plaintiff has a record of impairments stated in preceding paragraphs.

24. Plaintiff is regarded as having physical impairments that limit major life activities.

7

25. Because of his impairments, Plaintiff requires the use of lodging facilities that are accessible to him and have the standard accessibility features including those required by 42 U.S.C. Sec. 12101 et seq., and implementing regulations 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as such implementing regulations relate to major life activities referenced above.



26. Plaintiff has been declared mobility disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas as defined in the implementing regulations.

27. On the basis of his disability as defined by the ADA, Plaintiff's impairments require the use of a wheelchair.

28. Plaintiff's disabilities are of lifetime duration.

29. As a consequence of Plaintiff's disability, Plaintiff requires places of public accommodation to be fully compliant with ADAAG, including 28 C.F.R. 36 and Standards for Accessibility Design as those guidelines relate to Plaintiff's ADA disabilities.

30. Plaintiff requires a truthful disclosure by booking websites of accessible and non-accessible features that do not comply with the ADAAG. *See* 28 CFR 36.302(e) and comment.

31. Plaintiff also requires that booking websites provide a booking procedure for an accessible room that is the same as a booking procedure for a non-accessible room. 28 CFR 36.302(e)(1)(i).

32. Plaintiff's encounters with accessibility barriers interfere with Plaintiff's full and equal enjoyment of a public accommodation.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

21. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

    (i) Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

    (ii) Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i)  Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)  Reach ranges [308] in sales stores and other elements. An encounter with a non compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)  Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

10

1

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

22.33. Prior to traveling to Payson, Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

23.34. The reproduction of relevant booking websites in the following tTable 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
| :---: |
| https://www.redlion.com/knights-inn/az/payson/knights-inn-payson |
| **INSUFFICIENT ACCESSIBILITY INFORMATION** |
| **Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii).<br>**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.<br>**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020. |
| ~~FAILURES TO DISCLOSE IN BOOKING WEBSITES~~ |
| ~~https://www.redlion.com/knights-inn/az/payson/knights-inn-payson~~ |
| ~~INSUFFICIENT 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES~~ |

The booking website does not identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail.  This prevents Plaintiff from independently assessing whether Defendant's Hotel or guest rooms meet Plaintiff's accessibility needs.

Table 2

24.35. Plaintiff alleges that he personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and  how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

###

###

**PERSONAL ENCOUNTERS WITH BARRIERS**

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Identification



Uneven "accessible" space too steep in both directions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



Signage too low.

16
17
18
19
20
21
22
23
24
25
26
27



Slope and cross slope too steep.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible check in counter**



**Inaccessible route**

1
2
3
4
5
6
7
8
9
10
11
12



Open risers

13
14
15
16
17
18
19
20
21
22
23
24



Improperly configured handrails

25  **Identification of Specific Barrier in Plain Language:** As indicate below each photo.

26  **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

**Table 3**

27
28

PERSONAL ENCOUNTERS WITH BARRIERS

1
2
3
4
5
6
7
8



9 **Identification of Specific Barrier in Plain Language:** Uneven "accessible" space too
steep in both directions.
10 **The manner in which the barriers denied Plaintiff full and equal use or access, and
which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal
11 access by failing to provide level "accessible" parking to which Plaintiff is entitled by
virtue of his permanent disability placard. This caused Plaintiff to (1) to have to grasp
12 car frame to get out of the car and (2) to risk rolling down the slope in the wheelchair.
13 **The dates on each particular occasion on which Plaintiff encountered such barrier
and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Signage is too low.
**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to provide 60" signage in "accessible" parking to which Plaintiff is entitled by virtue of his permanent disability placard. This causes other motorists to use the "accessible" spot (1) because they do not see it and (2)  the violation of accessible parking is not visible to police enforcement because *they* do not see it.
**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19   **Identification of Specific Barrier in Plain Language:** Slope and cross-slope on the
20   ramp is too steep.
     **The manner in which the barriers denied Plaintiff full and equal use or access, and**
21   **which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal
     access by failing to provide accessible slope and cross slope. This causes Plaintiff to be
22   unable to negotiate the barrier wither when walking or when using a wheelchair.
23   **The dates on each particular occasion on which Plaintiff encountered such**
     **barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible check incounter. **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to provide accessible position of the check in counter which prevents Plaintiff from accessing it with a use of a wheelchair.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.



**Identification of Specific Barrier in Plain Language:** Inaccessible route.
**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to provide accessible route or to post signage to an accessible route.
**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



**Identification of Specific Barrier in Plain Language:** Inaccessible route – open risers
**The manner in which the barriers denied Plaintiff full and equal use or access, and
which deter Plaintiff from visiting the Hotel:** (1) Barrier denied Plaintiff full and equal
access by failing to provide accessible route or to post signage to an accessible route.
(2) Barrier further denied Plaintiff the ability to climb the stairs because lack of closed
risers causes him to overstep and hit his shin on the next step.

24
25
26
27
28

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.



**Identification of Specific Barrier in Plain Language:** Improperly Configured Handrails.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to provide accessible handrails. By virtue of his impairment that limits the major life activities of grasping, Plaintiff is unable to grasp a handrails consisting of what appears to be a 2x6 piece of lumber.

> **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

~~25.~~36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

~~26.~~37. The removal of barriers is readily achievable.

~~27.~~38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

 A. Relief described in 42 U.S.C. §2000a – 3; and

 B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

 C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

 D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

 E. Equitable nominal damages; and

 F. For costs, expenses and attorney's fees; and

 G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

 H. All other relief susceptible of proof based on the allegations.

**COUNT TWO**
Negligence and Negligence Per Se

~~28.~~39. Plaintiff realleges all allegations heretofore set forth.

~~29.~~40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

~~30.~~41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

31.42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

32.43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

33.44. Plaintiff suffered physical and emotional damages in an amount to be proven at trailtrial but in no event less than $35,000.00.

34.45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

35.46. Defendant breached this duty.

36.47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

37.48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

38.49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

39.50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $35,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**

Arizona's Consumer Protection Act

Conspiracy to Commit ACFA Violation and Aiding and Abetting in the Commission of ACFA Violations

51. Plaintiff realleges all allegations heretofore made.

52. Defendants Patel self-identifies as a "Knights Inn", a brand name owned by RLH.

53. In order to perpetrate the deceptive self-identification, Defendant Patel:

   a.   Advertises its lodging services on Red Lion Hotels Corporation website:

      https://www.redlion.com/knights-inn/az/payson/knights-inn-payson

   b.   Erects a sign on its property fraudulently self-identifying as a "Knights Inn":



   c.   Deceptively identifies itself as a "Knights Inn" on its business card, lists the "knightsinn.com" as its website and deceptively states that it is *operated* (as compared to "owned") "under an agreement with Knights Franchising System, Inc.:



54. Defendant Patel is under obligation to disclose accessibility elements on its booking website. 28 C.F.R. 36.302(e)(1)(ii).

55. Defendant Patel concealed its lack of accessibility as documented above.

56. The statements, representations, implications and concealment of accessibility elements referenced above have a tendency and capacity to convey misleading

impressions that Defendant is a Knights Inn Hotel or a Red Lion Hotels Corporation Hotel, and not a hotel owned by Defendant and that Defendant is not ADA compliant.

57. The least sophisticated consumer of Defendant's Hotel would be misled by the statements, representations, implications and concealment referenced above.

58. Plaintiff relied on Defendant Patel's statements, representations, implications and concealment referenced above.

59. Defendants Patel and RLH agreed, through the leasing of the Knights Inn brand name, to mislead the Plaintiff and the public in general into believing that they are dealing with RLH and not Patel.

60. Defendant RLH aided in abetted Defendant Patel in the commission of ACFA violations by, inter alia:

a. Providing a misleading booking website; and

b. Permitting Patel to erect and maintain a misleading Knights Inn sign; and

c. Permitting Patel to fraudulently use RLH's identity in its business cards.

61. Plaintiff suffered economic and emotional injury by relying on Defendant's statements, representations and implications referenced above in that he travelled to Payson and visited the property, to wit:

a. 179.40 miles round trip to and from Hotel at $0.58 per mile =$104.05

b. Loss of time: 3 hrs. round trip at $650 = $1,950

c. Loss of time at location: 0.50 hrs. at $650 = $325.00

d. Emotional damages to be decided by the jury.

62. Plaintiff discovered that Defendant Patel failed to identify and describe accessible features on its booking website and documented above.

63. By this omission, Defendant Patel and RLH further violated ACFA.

64. Plaintiff has been damages by Defendants actions.

**WHEREFORE,** Plaintiff requests relief as follows:

A. For a finding that Defendants committed violations of ACFA; and

B. For a finding that Patel and RLH agreed to commit a violation of ACFA; and

C. For a finding that RLH civilly aided and abetted Patel in the commission of ACFA violations; and

D.  For damages identified above; and

E.  For costs and expenses; and

F.  For such other and further relief as proper.

D.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 22nd day of June, 20207th day of December, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff