**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-01566-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Paradeep K Patel, et al., | |
| Defendants. | |

Pending before the Court are three matters. First is Plaintiff's Motion to Amend Complaint (Doc. 20). Although Defendants did not file a response in opposition, they have filed a Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. 27), which requests that the Court dismiss both Plaintiff's original Complaint and proposed First Amended Complaint ("FAC") with prejudice. Plaintiff filed a Response and Cross Motion for Summary Judgment (Doc. 28). Defendants have filed a Reply (Doc. 30). No further briefing has been filed, and the time to do so has passed.

Given that Defendants' Motion to Dismiss discusses the proposed FAC as if Plaintiff's Motion had been granted, (Doc. 27 at 2) (citing the proposed amended Complaint), the Court will grant Plaintiff's Motion to Amend Complaint and proceed to assess the motions with the now operative FAC, currently lodged at (Doc. 20-2).

**I.     Background**

Plaintiff Peter Strojnik has been previously declared a vexatious litigant, and his "history and his *modus operandi* are well known." *Strojnik v. Driftwood Hosp. Mgmt.*

*LLC*, 2021 WL 50456, at *8 (D. Ariz. Jan. 6, 2021), *order amended on reconsideration*, No. 2021 WL 2454049 (D. Ariz. June 16, 2021) ("Vexatious Litigant Order"). This case follows the same pattern of his many other cookie-cutter lawsuits against hotel defendants for claims arising under the Americans with Disabilities Act ("ADA"). *See id.* In this matter, Defendants are the owners and franchisor of the Knights Inn (the "Hotel"). Paradeep K. Patel and Asha P. Patel (collectively, the "Patels") own the Hotel. (Doc. 20-2 at ¶ 3). Red Lion Hotels Corporation and Knights Inn Franchising Systems franchise the rights to the Knights Inn brand name. (*Id.* at ¶ 4).

As alleged in the FAC, Plaintiff regularly visits Payson, Arizona. (*Id.* at ¶¶ 9, 11). Plaintiff alleges that in late May 2020, he was travelling through Payson on his way to New Mexico and wanted to stay at the Hotel, but "because of inaccessible accommodations" he travelled on to Albuquerque. On his way home to Phoenix, Plaintiff again did not stay at the Hotel because its accommodations are not "suited for his needs." (*Id.* at ¶¶ 15, 16). He alleges that he is disabled, and that hotels must meet the standards established in 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design in order to accommodate his disabilities. (*Id.* at ¶ 25). Plaintiff requires that the Hotel's website identify and describe what rooms are accessible such that he can determine whether the Hotel can accommodate his needs. (*Id.* at ¶ 34).

Plaintiff took pictures of the Hotel's parking lot, lobby, and some outside stairs. (*Id.* at ¶ 35). He claims that the access space to the handicapped parking spot was too steep, causing him to "have to grasp the car frame to get out of the car" and "risk rolling down the slope in the wheelchair." (*Id.* at 6). He claims the signage indicating handicapped parking is too low, such that motorists could not see it and police could not observe a parking violation. (*Id.* at 7). He claims the ramp from the parking lot to the sidewalk is too steep to navigate in a wheelchair. (*Id.* at 8). Inside, he claims the check-in counter is not accessible in a wheelchair. (*Id.* at 9). Back outside, he took a photograph of an ascending sidewalk, with painted yellow steps, that he alleges is an inaccessible route for which Defendants failed to provide an accessible alternative or signal where such an

- 2 -

alternative might be. (*Id.* at 10). Finally, Plaintiff shows a staircase with "open risers" and "Improperly Configured Handrails [sic]." (*Id.* at 11, 12). Plaintiff alleges this inaccessible route also lacks an accessible one or notice of a detour, that open risers causes him to hit his shins, and that he is unable to grasp the handrails. (*Id.*)

As to the Hotel's website, Plaintiff alleges it failed "to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." (*Id.* at ¶ 34). Plaintiff also alleges the Defendants, by using the Knights Inn brand name, "misled the Plaintiff . . . into believing they are dealing with" Red Lion Hotels, not the Patels, and that by relying on the misleading website, Knights Inn signage, and business cards caused him to suffer economic damages. (*Id.* at ¶ 59).

The FAC brings claims under the Americans with Disabilities Act, negligence and negligence per se, and violation of the Arizona Consumer Fraud Act. (*Id.* at ¶¶ 21–64).

**II.    Motion to Dismiss**

The Court will begin its analysis with Defendants' Motion to Dismiss, which is brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.[1] They argue the FAC does not show how Plaintiff suffered an injury in fact sufficient for standing purposes.

**a. Legal Standard**

Complaints must show that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This requires showing that the plaintiff has standing—that the plaintiff suffered (1) a concrete and particularized injury in fact, that is (2) caused by or fairly traceable to the defendant's conduct, and (3) that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).

In reviewing a motion to dismiss, "all factual allegations set forth in the complaint

---

[1] Although Defendants also move for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), such a motion may only be made after pleadings are closed. As Defendants have not filed an answer to the FAC, their request is premature. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Therefore, to the extent Plaintiff's Response also requests summary judgment on the pleadings, such a request is premature and will be denied.

- 3 -

'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In alleging fraud, a party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### b. Discussion

The FAC fails to show a concrete, particularized injury in fact.[2] In the ADA context, an injury exists when a public accommodation interferes with a disabled individual's "full and equal enjoyment" of the accommodation. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).

To begin, the FAC complains that many of the Hotel's features are inaccessible by wheelchair. The FAC, however, does not actually allege that Plaintiff was using a wheelchair on the day he visited the Hotel. *See Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, at *8 (D. Ariz. May 19, 2021) ("Here, although [Mr.] Strojnik misleadingly notes that his physical conditions would require the use of a wheelchair '[i]n their

---

[2] Many courts, reading Mr. Strojnik's many complaints, have seen the same boiler-plate allegations and note Mr. Strojnik's "longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and [his] disability." *Strojnik v. IA Lodging Napa First LLC,* 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020) (granting a motion to declare Mr. Strojnik a vexatious litigant, in part, because of his continued failure to allege Article III standing); *see also Strojnik v. Kapalua Land Co., Ltd.*, 801 F. App'x 531, 531 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim against defendants Rand and Marr Jones Wang, LLP because Strojnik failed to allege facts sufficient to demonstrate an injury as a result of the alleged threat."); *Strojnik v. Orangewood LLC*, 829 F. App'x 783, 783 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities."); *Strojnik v. BW RRI II, LLC*, 2020 WL 5210897, at *1 (N.D. Cal. Sept. 1, 2020) ("Because Strojnik hasn't explained how he was harmed by the hotel's accessibility barriers, he hasn't sufficiently alleged an injury-in-fact."); *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) (holding Strojnik's photographs and captions to be bare legal conclusions insufficient to show how there are purported barriers his to accessibility); *Strojnik v. Hotel Circle GL Holdings*, LLC, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) (same); *Strojnik v. 1315 Orange LLC*, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1340 (E.D. Cal. 2020) (same).

unmitigated, active state' . . . he doesn't allege that he was actually using a wheelchair during his visit to Ashford's property."). Therefore, Plaintiff has not shown how wheelchair impediments (ramps, slopes, stairs, and check-in counters) prevented him from full and equal enjoyment of the Hotel. In addition, in the photograph with the handicapped parking sign, the one he alleges to be so low that it is not visible, the parking space is empty. (Doc. 20-2 at 17). It is evident, therefore, that nobody was actually blocking the parking space and preventing Plaintiff's full and equal enjoyment of the parking lot. As for routes alleged to be inaccessible, Plaintiff provides no context as to what these routes lead to, and why their destinations were necessary to his full and equal enjoyment of the Hotel.

His allegation that the website is deficient is similarly void of any detail. All the FAC provides is a link to the website and a conclusory allegation that it is deficient. His claim of consumer fraud is similarly vague. Plaintiff has not alleged with particularity how he was harmed by the Hotel's signs and business cards. Fed. R. Civ. P. 9(b). In sum, the FAC fails to demonstrate an injury in fact giving rise to standing for any of his claims.

**III. Conclusion**

Because the FAC fails to demonstrate an injury in fact, the Court will dismiss all three Counts. Plaintiff's Cross Motion for Summary Motion will be denied as moot. Plaintiff shall have thirty days from the date of this Order in which he may file a second amended complaint.

In addition, under the Court's Vexatious Litigant Order, if Plaintiff elects to amend his pleadings to include claims alleging violations of the ADA, Plaintiff shall post a bond for $10,000 within twenty-one days of amending his pleadings. *See* Vexatious Litigant Order at *11. If Mr. Strojnik fails to post this bond, the Court will dismiss this case for failure to comply with the Court's Vexatious Litigant Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 20) is **granted**. The Clerk of Court is kindly directed to file the First Amended Complaint

lodged at (Doc. 20-2).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. 27) is **granted**, in part as described in this Order. Plaintiff shall have thirty (30) days from the date of this Order in which to file a second amended complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint thirty (30) days after this Order is entered, the Clerk of Court shall kindly dismiss this action without further order. If Plaintiff files an amended complaint but fails to post a bond for $10,000 within twenty-one (21) days after the amended complaint is filed, the Clerk of Court shall kindly dismiss this action without further order.

**IT IS FINALLY ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Doc. 28) is **denied**.

Dated this 28th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge